**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **NATIONSTAR MORTGAGE LLC,** | Case No. 3:13-cv-1793-PK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **H. JEROME DECKER**, et al., | |
| Defendants. | |

**H. JEROME DECKER**,

Counter-Claimant,

v.

**NATIONSTAR MORTGAGE LLC**,

Counter-Defendant.

**H. JEROME DECKER**,

Third-Party Plaintiff,

v.

**AURORA BANK, FSB**, et al.,

Third-Party Defendants.

PAGE 1 – OPINION AND ORDER

David J. Elkanich and Garrett S. Garfield, HOLLAND & KNIGHT LLP, 111 S.W. Fifth
Avenue, 2300 U.S. Bancorp Tower, Portland, OR 97204. Of Attorneys for Plaintiff and Third-
Party Defendants.

W. Terry Scannell, 1500 S.W. Taylor Street, Portland, OR 97204. Of Attorneys for Defendant
and Third-Party Plaintiff.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation

("F&R") in this case on May 14, 2014. Dkt.24. Judge Papak recommended that Plaintiff

Nationstar Mortgage LLC's ("Nationstar") and Third-Party Defendants' ("Aurora Defendants")

(Nationstar and the Aurora Defendants are collectively referred to as "Nationstar Group") motion

to dismiss (Dkt. 17) Defendant and Third-Party Plaintiff H. Jerome Decker's ("Decker")

counterclaim and third-party complaint be granted.[1] Judge Papak also recommended that the

Nationstar Group's alternative motion to strike be denied as moot. Judge Papak further

recommended that Decker's counterclaim and third-party complaint be dismissed with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the

court shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party

has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S.

---

[1] This case was originally filed by Nationstar in Oregon state court. Decker, an Oregon
citizen, violated the forum defendant rule by removing the case to this Court. 28 U.S.C.
§ 1441(b)(2); *see also Hill v. Hill-Love*, 509 Fed. App'x 605, 606 n.1 (9th Cir. Feb. 15, 2013).
Nationstar, however, waived the procedural defect by failing to raise an objection within thirty
days following removal. *See* 28 U.S.C. § 1447(c); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d
933, 935–36 (9th Cir. 2006) (violation of § 1441(b) is procedural and a waivable defect). Thus,
the case is properly before this Court.

140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Decker timely filed objections to the F&R (Dkt. 28), to which the Nationstar Group responded. Dkt. 32. Decker does not object to Judge Papak's primary finding that Decker's common law fraud counterclaim and third-party claim based on alleged misrepresentations by the Aurora Defendants be dismissed based on the statute of limitations. Decker objects to Judge Papak's factual finding that the two promissory notes involved in this case have "no discernable differences" "[o]ther than the additional endorsements on the last page of the promissory note that Nationstar filed." F&R, Dkt. 24 at 11. Decker also objects to Judge Papak's dismissal with prejudice of Decker's fraud counterclaim and third party claim.

The Court has reviewed for clear error the portions of Judge Papak's F&R to which no party has objected and finds no such error. Accordingly, the Court ADOPTS those portions of Judge Papak's F&R. The Court reviews *de novo* those portions of Judge Papak's F&R to which Decker has objected and analyzes each, in turn.

### 1.  Objections to Judge Papak's finding relating to the two promissory notes

The Court finds Decker's objections regarding Judge Papak's findings relating to the two promissory notes to be unfounded. Decker obtained a copy of a promissory note relating to his

property in December 2010. A different promissory note was filed by Nationstar as an attachment to its complaint in this action. Decker objects that there are differences between the two notes because the endorsements are different and that Judge Papak's finding that there are "no discernable differences" will prejudice Decker's ability to raise such arguments in his defense of Nationstar's foreclosure action. This objection ignores, however, the fact that Judge Papak's finding that there are "no discernable differences" between the two notes was expressly cabined as being "other than" the differences in the endorsements. Thus, Decker is not prejudiced by Judge Papak's finding from asserting any arguments relating to the differences in the endorsements between the two notes.

Decker also objects that the two promissory notes are different in that there is an "original" stamp on one and not the other. Based on a review of the two notes, it appears that one has a clearly legible "original" stamp and the other has a much less legible "original" stamp. Judge Papak's finding relating to the differences between the two notes was for the purpose of determining whether Nationstar's filing of a different note somehow caused Decker to discover the alleged misrepresentations made by the Aurora Defendants two-and-a-half years earlier. Judge Papak concluded that, even if the Nationstar note was fraudulent on its face, it would not affect the running of the statute of limitations for the fraud claim based on the alleged misrepresentations by the Aurora Defendants.  To the extent Decker wishes to argue in defending the judicial foreclosure action that the difference in the legibility of the "original" stamp is meaningful, the Court finds that Judge Papak's finding relating to the "discernable differences" for purposes of the statute of limitations analysis does not prevent such an argument by Decker. The Court, therefore, ADOPTS the portion of Judge Papak's F&R relating to the two promissory notes.

PAGE 4 – OPINION AND ORDER

## 2.  Objections to dismissal with prejudice

Decker objects to Judge Papak's dismissal of his fraud clam with prejudice. Decker's objections on this issue are not a model of clarity. Decker describes alleged representations made by the Aurora Defendants in 2010 that Aurora Bank had a beneficial interest in the note and argues that these statements were shown to be false by the note provided to Decker in December 2010. This argument, however, supports dismissal with prejudice because Decker should have known that those alleged representations were false in December 2010 upon receipt of the note, which is more than two years before Decker filed his fraud claims.

Decker also argues that the differences in the endorsements between the two notes is evidence of fraud by Nationstar and that this fraud could only be discovered by comparing the two notes. To the extent Decker is objecting to dismissal with prejudice because Decker should be able to amend his complaint to allege that his review of the second note is what triggered his knowledge of the alleged fraudulent statements made by the Aurora Defendants, this argument is rejected. As correctly found by Judge Papak, regardless of what the differences between the two notes revealed to Decker in 2013, the only conclusion a reasonable factfinder could make is that Decker was on notice in May 2011 (when Decker received his second loan modification denial letter from the Aurora Defendants) of his fraud claim based on the alleged misrepresentations made by the Aurora Defendants. Thus, even if the reviewing the Nationstar note in 2013 put Decker on notice of his fraud claim, that does not negate the fact that the May 2011 letter put him on notice and triggered the running of the statute of limitations.

To the extent Decker is arguing that the Nationstar note itself constituted fraud independent of the alleged fraud arising from the representations made by the Aurora Defendants in, this is counter to Decker's concession at oral argument that he is not asserting a separate fraud claim based on the note filed by Nationstar and is only asserting fraud based on the

representations by the Aurora Defendants. Even if Decker had not conceded a claim based on the Nationstar note itself and seeks leave to amend to add such a claim, the Court finds amendment would be futile. Because he cannot rely on the time-barred representations made by the Aurora Defendants, Decker cannot plead sufficient facts showing that the note itself constitutes fraud under Oregon law. Decker would have to plead facts showing that the Nationstar note constitutes a material misrepresentation that was false, Nationstar made the representation knowing that it was false, Nationstar intended Decker to rely on the misrepresentation, Decker justifiably relied on the misrepresentation, and Decker was damaged as a result of that reliance. *See Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 352 (Or. 2011). The Nationstar note was filed in September 2013, after any reliance by Decker and years after Decker suffered the alleged harm of making unnecessary payments to the Aurora Defendants. Accordingly, the Court adopts the portion of Judge Papak's F&R dismissing Decker's fraud claims with prejudice.

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendation. Nationstar and the Aurora Defendants' motion to dismiss (Dkt. 33) is GRANTED, their alternative motion to strike is denied as moot, and Decker's fraud counterclaim and third party claim are dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 24th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge