IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATIONSTAR MORTGAGE LLC,

                Plaintiff,                        3:13-cv-01793-PK

v.                                           OPINION AND ORDER

H. JEROME DECKER, WEST COAST
BANK, ASSET SYSTEMS INC.,
AMERICAN EXPRESS CENTURION
BANK, QUOIN DESIGN LLC, MARINA
ELAINE DECKER, and OCCUPANTS OF
THE PROPERTY,

                Defendants.

---

PAPAK, Magistrate Judge:

      Plaintiff Nationstar Mortgage LLC ("Nationstar") filed this judicial-foreclosure action

Page 1 - OPINION AND ORDER

seeking to foreclose on property owned by H. Jerome Decker. On October 30, 2014, the parties

held a conference regarding a discovery dispute arising from Decker's attempt to broaden the

scope of discovery to include a wide array of items related to an allegedly forged promissory

note. After that conference, the parties submitted supplemental briefing to clarify their positions

on the dispute. Although Decker did not formally move to compel, I construe his filings as a

motion to compel the production of documents. For the reasons set forth below, that motion is

granted in part and denied in part.

## DISCUSSION

Based on the briefs, declarations, and the October 30 conference, it appears that Decker's

allegation of potential forgery of the promissory note ("the Note") solely motivate his request for

an increase in the scope of discovery.

**A.      The Seven Proposed Categories of Items Related to the Note**

Beyond requesting additional copies of the Note, Decker lists seven additional categories

of items that would purportedly reveal "key information of the custody, condition, and location[]

of the Note and other vital Documents." Defendant's Brief in Support of Compelling the

Production of Documents ("Def.'s Compel Br."), #40, 3. Decker supports his assertions of

forgery with an expert's inspection of the Note. That inspection took place at the offices of

Nationstar's counsel and allegedly revealed questionable inconsistencies in the Note. *See*

*generally* Decl. of James A. Green, #41.

However, "the standard of relevancy is . . . not so liberal as to allow a party to . . . explore

a matter which does not presently appear germane on the theory that it might conceivably

become so." *Food Lion, Inc. V. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC,*

103 F.3d 1007, 1012–13 (D.C. Cir. 1997). While Decker is correct in asserting that Fed. R. Civ.

P. 26(b)(1) brings into the scope of discovery information relevant to the custody, condition, and

location of documents, the totality of his additional proposed discovery parameters goes beyond

relevance. While compelling, the mere assertion of forgery does not afford Decker the discovery

latitude he requests, which encompasses an array of categories largely irrelevant to the remaining

claims and affirmative defenses. *See* Def.'s Compel Br., #40, 7. Thus, Decker's motion is

denied as to the seven additional categories of evidence proposed in his supplemental brief.

### B.    Additional Copies of the Note

This court issued prior findings asserting that Decker "is not prejudiced . . . from

asserting any arguments relating to the differences in the endorsements between the two notes,"

even though his previously posed counterclaims asserting fraud in the inducement were

dismissed. Pl.'s Mem. Objecting to Scope of Disc., #39, 6. To that end, Decker's attempted

exploration of his forgery allegations is not pre-empted in this case.

Nationstar properly asserts, however, that many of Decker's requests are irrelevant due to

very broad instrument enforcement allowances in judicial foreclosure proceedings. Nationstar

proffers language from this court elaborating on entitlement to enforce upon promissory notes in

similar proceedings:

> An instrument, such as a promissory note, may be enforced by 1) the holder of the
> instrument, 2) a non-holder in possession of the instrument, who has the rights of a
> holder, 3) a person not in possession of the instrument who is entitled to enforce
> under other provisions. ORS 73.0301. A person may be entitled to enforce the
> instrument even if they are not the owner or are in wrongful possession of the
> instrument. *Id.* A party in possession of an instrument payable to bearer is the holder
> of that instrument. ORS 71.2010(2)(u)(A).

*Theiss v. CitiMortgage, Inc.*, 2013 WL 4516764, *3 (D. Or. 2013). Although Nationstar is

correct in its contentions, it does not address the possibility of forgery. While the above

enforcement allowance includes even wrongful possession, it does not account for allegedly

forged instruments. To argue that the Decker's argument of the Note's potential forgery is

irrelevant, then, is not supported by the law.

 While I agree with Nationstar that the extent of discovery requested by Decker is

overbroad, I believe that additional copies of the note potentially supporting Decker's assertions

of forgery—which is an argument relevant to Decker's remaining affirmative defenses—fall

within the scope of discovery. Decker's request for an order compelling the production of any

copies of the Note yet withheld from him is granted so that he may inspect as needed. This

applies to those copies from the files of McCarthy Holthus, Nationstar's prior counsel in this

case, which Nationstar asserts should be "more appropriately requested through current counsel."

Pl.'s Mem. Objecting to Scope of Disc., #39, 6.

 Finally, I acknowledge that the opinion provided by James Green, Decker's document

expert, regarding his detailed inspection of the Note is unconvincing as to the Note's alleged

forgery. The conjecture contained therein does little to support Decker's very serious allegations.

Decl. of James A. Green, #41, 2 (noting that the fist page of the Note may not be the original first

page and detailing differences in pen colors and font size to support falsification claims).

However, Decker is not foreclosed upon reasserting his motion to broaden the scope of discovery

should inspection of the requested copies of the Note reveal additional convincing evidence of

forgery.

/ / /

/ / /

Page 4 - OPINION AND ORDER

**CONCLUSION**

Based on the foregoing, Decker's motion to compel additional discovery is denied in part

and granted as it applies to copies of the Note not yet inspected by or provided to Decker.

IT IS SO ORDERED.

Dated this 9th day of December, 2014.

Honorable Paul Papak
United States Magistrate Judge