IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**NATIONSTAR MORTGAGE, LLC**,

    Plaintiff,

v.

**H. JEROME DECKER AKA HENRY JEROME DECKER JR, et al.**,

    Defendants.

Case No. 3:13-cv-1793-PK

**ORDER**

**Michael H. Simon, District Judge.**

    On December 9, 2014, Magistrate Judge Paul Papak issued an Opinion and Order granting in part Defendant Jerome Decker's motion to compel. Dkt. 43. Judge Papak ordered Plaintiff to produce to Defendant Decker all copies of the Note at issue in this case and denied the remainder of Defendant Decker's motion to compel. Defendant Decker objects to the Magistrate Judge's Opinion and Order. Dkt. 46.

    A district court reviews a magistrate judge's pretrial discovery orders under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). The "clearly erroneous" standard applies to findings of fact. *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 2015 WL 419654, at *3 (D.

PAGE 1 – ORDER

Haw. Jan. 30, 2015). A finding is "clearly erroneous" if the district judge is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). The "contrary to law" standard applies to conclusions of law and allows for *de novo* review. *See Pacific Radiation Oncology*, 2015 WL 419654, at *3; *see also Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho, 2013) ("The clearly erroneous standard applies to the magistrate judge's findings of fact, while legal conclusions are reviewable *de novo* to determine whether they are contrary to law."). "A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard." *Pacific Radiation Oncology*, 2015 WL 419654, at *3 (citing *Hunt v. Nat'l Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989); *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

Defendant Decker narrowed the documents sought in his motion to compel to seven documents or categories of documents: (1) the MERS Milestone Report; (2) the loan notes from all servicers; (3) the "Mortgage Loan File fka 'Collateral File'" from origination to present; (4) documents related to all custodians of the Mortgage Loan File; (5) documents related to the "custody," "condition," and "location" of the Note; (6) the "Who, When, and Where" the endorsements were placed on the Note; and (7) any assignments of the Deed of Trust. Plaintiff objects that these requests are overbroad and irrelevant. Plaintiff does not assert that producing these documents is burdensome or disproportionate under Federal Rule of Civil Procedure 26(b)(2)(C).

Judge Papak found that Defendant Decker is entitled to explore his assertion that portions of the Note appear to have been altered and, thus, ordered Plaintiff to produce all copies of the Note. Judge Papak found the remaining requested documents to be irrelevant. Defendant Decker

PAGE 2 – ORDER

objects that Judge Papak's legal conclusion regarding the relevancy of the remaining documents is erroneous and that the requested documents are relevant for discovery purposes because they are reasonably calculated to lead to admissible evidence relating to Defendant Decker's exploration of the alleged forgery and his affirmative defenses of lack of standing, failure to join a necessary party, and real party in interest.

The Court reviews Judge Papak's legal conclusion regarding relevancy *de novo*. Relevancy for discovery purposes is a very low threshold. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (defining relevance in the context of discovery to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). For this reason, a court should "interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Id.* at 351 n.12.

The Court is cognizant of balancing relevancy with concerns relating to the burden and proportionality of discovery, but those issues have not been raised in the current discovery dispute. Given the low threshold for relevancy, the claims and affirmative defenses at issue in this case, and the fact that Plaintiff raises no concerns regarding feasibility, burden, or proportionality, Defendant Decker's objections regarding the relevancy of the documents sought are sustained and the Opinion and Order is reversed with respect to the additional documents sought by Defendant Decker. In the absence of objections relating to feasibility, burden, or proportionality, specific issues relating to the relevance or admissibility of particular evidence should await dispositive or trial motions, when all the parties and the Court can examine the proffered evidence. *See Geophysical Sys. Corp. v. Raytheon Co.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987) ("The test of relevance in the discovery context is a very broad one. More precise

evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or *in limine*.") (citation omitted).

The Court finds, however, that Defendant Decker's categories two and five are vague and overbroad. Accordingly, the Court orders Plaintiff to produce documents in response to Defendant Decker's category numbers one, two, three, six, and seven.

Defendant Decker also objects that Judge Papak's Opinion and Order failed to address Defendant Decker's motion with respect to the disputed interrogatory. The Court has reviewed the submissions relating to the interrogatory. Neither party submitted copies of the referenced correspondence relating to this interrogatory or the response to the interrogatory. Based on Plaintiff's counsel's representation that counsel sent an email to counsel for Defendant Decker two days after the interrogatory deadline explaining that Plaintiff inadvertently neglected to respond to the one interrogatory, described what the response would be, and formally responded approximately one week later, the Court excuses Plaintiff's delay in responding to the interrogatory. Defendant Decker's motion is denied with respect to the interrogatory.

The oral argument scheduled for Tuesday, February 17, 2015, at 2:00 PM is STRICKEN.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – ORDER